**UNITED STATES ATTORNEY'S OFFICE**
PHILIP R. SELLINGER
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re* <br><br> DAWN M. DELORENZO, <br><br> Debtor. | Chapter 13 <br> Case No. 22-13729-ABA <br> Judge Andrew B. Altenburg, Jr. <br><br> **Hearing Date: July 13, 2022** <br> **Hearing Time: 9:00 a.m.** |

### OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION OF DEBTOR'S MODIFIED CHAPTER 13 PLAN

> **ATTENTION DEBTOR'S COUNSEL:**
> **FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL INSTEAD RELY ON THIS WRITTEN OBJECTION.**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Modified Chapter 13 Plan (the "Plan") [ECF Doc No. 17]. In support thereof, the Service respectfully represents as follows:

## RELEVANT BACKGROUND

1. Dawn M. DeLorenzo (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on May 6, 2022 (the "Petition Date") [ECF Doc. No. 1].

2. The Debtor has unpaid federal tax liabilities for numerous tax years preceding the Petition Date. *See* Claim No. 1. Prior to the Petition Date, the Service filed a Notice of Federal Tax Lien (the "Tax Lien") against the Debtor. *Id.* Pursuant to 26 U.S.C. § 6321, the Tax Lien encumbers all of the Debtor's "property and rights to property, whether real or personal." 26 U.S.C. § 6321 (emphasis added).

3. The Service filed a proof of claim against the Debtor in the amount of $222,819.83 (the "Service Claim"), consisting of: (i) a secured claim pursuant to 11 U.S.C.§ 506(a) in the amount of $14,272.00, which amount is secured by the Debtor's scheduled personal property (the "Secured Claim"); (ii) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $119,566.16 (the "Priority Claim"); and (iii) a general unsecured claim in the amount of $ $88,981.67. *See* Claim No. 1.

4. For the reasons described below, the Plan is not confirmable.

## OBJECTION

**A. The Plan is Not Confirmable with Respect to the Service's Secured Claim**

5.   With respect to the Secured Claim, the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a Chapter 13 Plan provide for the retention of the secured creditor's liens and full payment, plus post-confirmation interest.  Here, the Plan improperly fails to provide for post-confirmation interest on the Secured Claim.  *See* Plan, Part 4; *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of an appropriate rate of post-confirmation interest on secured claims).  The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (4%), applies here.  11 U.S.C. § 511(a)-(b).  Thus, the Plan must calculate (and provide for payment of) post-confirmation interest on the Service's Secured Claim over the entire 60-month Plan period.

### B. The Plan is Not Confirmable With Respect to the Service's Priority Claim

6.   With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2).  Here, the Plan provides for substantially less than payment of the Priority Claim.  Plan, Part 3.  On this basis, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2).

### CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in

the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: July 6, 2022

                                      PHILIP R. SELLINGER
                                      United States Attorney

                                      */s/ Eamonn O'Hagan*
                                      EAMONN O'HAGAN
                                      Assistant U.S. Attorney

                                      *Attorneys for the*
                                      *United States of America*